**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

TRICHNA TASHNADI INE LAWSON,

      DEBTOR

CHAPTER 7
CASE NO.: 26-30353

**AMENDED NOTICE OF OPPORTUNITY FOR HEARING**

TAKE NOTICE that AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), by and through counsel, has filed papers with the Court to seek relief from the automatic stay. A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief from the automatic stay, or if you want the Court to consider your views on the motion, then on or before 14 days from the date of this Notice, you or your attorney must do three things:

1. **File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

U.S. Bankruptcy Court
Western District of North Carolina
401 West Trade Street, Suite 2500
Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
*Attorney for AmeriCredit Financial Services, Inc. dba GM Financial*

3. **Attend the hearing scheduled for July 22, 2026 at 9:30 a.m**. at:

U.S. Bankruptcy Court
Western District of North Carolina
401 West Trade Street, Courtroom 2A
Charlotte, NC 28202

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated:  May 8, 2026          WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S. Arthur
Eudora F. S. Arthur (NC Bar No. 59854)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Phone: (919) 755-2178
Email: Dorie.Arthur@wbd-us.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
-------------------------------------------------------- x
In re:                                            :
                                                  :      Chapter 7
TRICHNA TASHNADI INE LAWSON,                      :
                                                  :      Case No.: 26-30353
                            Debtor.               :
                                                  :
-------------------------------------------------------- x
```

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Movant shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.      On March 24, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 to commence the above-referenced case (the "Chapter 7 Case").

3.      Movant is a secured creditor of Debtors as evidenced by that certain Retail Installment Sale Contract dated October 14, 2024 (the "Contract").  The Contract was secured by

a 2019 Nissan Pathfinder, bearing Vehicle Identification Number 5N1DR2MM1KC627772 (the

"Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. Movant has a perfected security interest in the Collateral, as noted on the face of

the Certificate of Title for the Collateral (the "Certificate of Title"). A true and correct copy of the

Certificate of Title is attached hereto as **Exhibit "B."**

5. The outstanding balance owed to Movant relative to the Collateral as of the filing

of this Motion is 26,774.85. The amount owed as of the filing of this Motion is $1,950.30 <u>See</u>

Affidavit attached as **Exhibit "C."**

6. The value of the Vehicle is $13,375.00 per JD Power (the "Valuation"). A true and

correct copy of the Valuation is attached hereto as **Exhibit "D."**

7. Debtor is delinquent on the Contract payments by failing to make the full monthly

payment due in February 2026 through April 2026 and all payments due thereafter.

### BASIS FOR RELIEF

Section 362(d) sets forth the standards for determining whether relief from stay is

appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a)
> of this section, such as by terminating, annulling, modifying, or
> conditioning such stay—
>
> (1)     for cause, including lack of adequate protection of an interest
> in property of such party in interest;
> (2)     with respect to a stay of an act against property under
> subsection (a) of this section, if
>     (A)     the debtor does not have an equity in such property;
>     and
>     (B)     such property is not necessary to an effective
>     reorganization;

11 U. S. C. § 362.

1.      As a result of the Debtor's failure to pay Movant's claim pursuant to the Contract, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Movant's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganizationas the Debtor is liquidating all non-exempt assets under Chapter 7 of the Bankruptcy Code.

2.      Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

3.      If Movant is not granted relief from the automatic stay and permitted to repossess and liquidate the Vehicle, then Movant will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

4.      Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

5.      A proposed order granting the Motion is attached hereto as **Exhibit "E**."

WHEREFORE, GM Financial prays for the Court to grant the following relief:

1.      To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow GM Financial to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.      To award GM Financial reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.      To grant such other and further relief as the court deems just and appropriate.

Dated:  May 8, 2026

WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
     EUDORA F. S. ARTHUR
     N.C. State Bar. No. 59854
     555 Fayetteville Street, Suite 1100
     Raleigh, NC  27601
     Telephone: (919) 755-2178
     dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc.*
*dba GM Financial*

## CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

>  Trichna Tashnadi ine Lawson
>  9112 Winter Park Ct, Apt 305
>  Charlotte, NC 28216
>  *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

>  Cole Hayes
>  *Chapter 13 Trustee*
>
>  Shelley Abel
>  *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2026

WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S Arthur
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. dba GM Financial*

LAW 553-NC-eps 10/23

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE
### THIS IS A CONSUMER CREDIT DOCUMENT

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| TRICHNA TASHNADI INE LAWSON<br>9112 WINTER PARK CT APT#305<br>Charlotte, NC 28216 Mecklenburg<br>Cell:<br>Email: | Cell:<br>Email: | A.J.'s Auto Imports<br>2400 Central Avenue<br>Charlotte NC 28205 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2019 | NISSAN PATHFINDER | 5N1DR2MM1KC627772 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 3,000.00 is |
|---|---|---|---|---|
| 24.90 % | $ 24,488.13 | $ 24,466.62 | $ 48,954.75 | $ 51,954.75 |

**Your Payment Schedule Will Be:**                                  (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | $ 652.73 | MONTHLY   beginning   01/02/2024 |
| n.a. | $ n.a. | n.a. |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __18.00__ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Returned Check Charge:** You agree to pay a charge of $ __35.00__ if any check you give us is dishonored.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ __n.a.__ and** is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Dealer Loyalty Protection

Term __75__ Mos.   Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

Buyer Signs X _____   Co-Buyer Signs X _____

LAW 553-NC-eps 10/23 v1   Page 1 of 4

## ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ __642.87__ sales tax)                                   $ __25,571.87__ (1)

2  Total Downpayment =
   Trade-in __2015 ACURA MDX__
          (Year)      (Make)              (Model)

   Gross Trade-In Allowance                                          $ __3,800.00__
   Less Pay Off Made By Seller to __RHINEBECK SAVINGS__              $ __2,800.00__
   Equals Net Trade In                                               $ __1,000.00__
   + Cash                                                            $ __2,000.00__
   + Other __n.a.__                                                  $ __n.a.__
   + Other __n.a.__                                                  $ __n.a.__
   + Other __n.a.__                                                  $ __n.a.__
   (If total downpayment is negative, enter "0" and see 4I below)   $ __3,000.00__ (2)

3  Unpaid Balance of Cash Price (1 minus 2)                          $ __22,571.87__ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life                                          $ __n.a.__
      Disability                                    $ __n.a.__     $ __n.a.__
   B  Vendor's Single Interest Insurance Paid to Insurance Company  $ __n.a.__
   C  Other Optional Insurance Paid to Insurance Company or Companies  $ __n.a.__
   D  Optional Gap Contract                                         $ __1,500.00__
   E  Official Fees Paid to Government Agencies
      __n.a.__                                                      $ __n.a.__
   F  Government Taxes Not Included in Cash Price
      __n.a.__                                                      $ __n.a.__
   G  Government License and/or Registration Fees
      License __38.75__
      Registration __n.a.__                                         $ __38.75__
   H  Government Certificate of Title Fees                          $ __56.00__
   I  Other Charges (Seller must identify who is paid and describe purpose)
      to __n.a.__              for Prior Credit or Lease Balance    $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __A.J.'s Auto Imports__  for __Processing Fee__           $ __300.00__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      to __n.a.__              for __n.a.__                         $ __n.a.__
      Total Other Charges and Amounts Paid to Others on Your Behalf  $ __1,894.75__ (4)

5  Amount Financed (3 + 4)                                          $ __24,466.62__ (5)

---

**OPTION:** N/A You pay no finance charge if the Amount Financed, item 5, is paid in full on or before __N.A.__ , Year __N.A.__ . SELLER'S INITIALS __N.A.__

Buyer Signs X _[signature]_          Co-Buyer Signs X _____

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
#### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Premium:
   Credit Life $ __n.a.__
   Credit Disability $ __n.a.__
Insurance Company Name __n.a.__
__n.a.__
Home Office Address __n.a.__
__n.a.__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

#### Other Optional Insurance

☐ __n.a.__                              __n.a.__
   Type of Insurance                     Term
Premium $ __n.a.__
Description of Coverage __n.a.__
__n.a.__
Insurance Company Name __n.a.__
__n.a.__
Home Office Address __n.a.__
__n.a.__

☐ __n.a.__                              __n.a.__
   Type of Insurance                     Term
Premium $ __n.a.__
Description of Coverage __n.a.__
__n.a.__
Insurance Company Name __n.a.__
__n.a.__
Home Office Address __n.a.__
__n.a.__

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

X _____
Buyer Signature                          Date
X _____
Co-Buyer Signature                       Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

## 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.**
You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle, or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate, before and after judgment, unless a lower rate is required by law.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

Buyer Signs X _____  Co-Buyer Signs X _____

**4. WARRANTIES SELLER DISCLAIMS**

**Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6. SERVICING AND COLLECTION CONTACTS**

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

**7. APPLICABLE LAW**

Federal law and the law of the state of North Carolina apply to this contract.

**8. NEGATIVE CREDIT REPORT NOTICE**

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X _____ Date  11/18/23  Co-Buyer Signs X _____ Date _____
Buyer Printed Name  TRICHNA TASHNADI INE LAWSON _____ Co-Buyer Printed Name _____

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _____ Title _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs  A.J.'s Auto Imports _____ Date  11/18/23  By X _____ Title _____

Seller assigns its interest in this contract to  Americredit Financial Services, Inc. _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse          ☒ Assigned without recourse          ☐ Assigned with limited recourse

Seller  A.J.'s Auto Imports
By X _____ Title _____

LAW FORM NO. 553-NC-eps (REV. 10/23)
©2023 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

PDP ELECTRONIC TITLE DOCUMENT


ELT*NC     : ELT - NORTH CAROLINA


Title #   : 0568233423158                    Title Type :
Issue Date: 12/16/2023                Lic/Tag/Control #:


VIN . . . . . . . :    5N1DR2MM1KC627772

Vehicle Info. . :    2019 NISS


Odometer Reading :    000000000
          Date  . :
          Status  :


Owner Information . :    TRICHNA TASHNADI INE LAWSON
Co-Owner . . . . . :


Owner address . . . :    9112 WINTER PARK CT
                         APT 305
                         CHARLOTTE
                         NC     282162482


Lienholder Information: AMERICREDIT FINANCIAL SERVICES, INC.
                        PO BOX 1510

                        COCKEYSVILLE
                        MD     210307510

2nd Lienholder Name   :


ELT Sent Date . . . . :    12/16/2023
Lien Type . . . . . . :    P
Owner Driver License# :


Brand code . . . . :


Release name . . . :
Release address 1  :
Rel City/State/Zip :    ,


_____
PDP Doc Ref :    50000183803 / 00049        SVTTSMIS   12/16/23   8:46:00

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In re:                                          Chapter 7

    Trichna Tashnadi ine Lawson,                 Bky. No. 26-30353
    Debtor(s)

| | | |
|---|---|---|
| **STATE OF TEXAS** | ) | |
| | ) ss. | |
| **COUNTY OF TARRANT** | ) | **AFFIDAVIT** |

I, _Angela Lopez_, a Bankruptcy Specialist of AmeriCredit Financial Services, Inc. dba GM Financial, declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information, and belief.

1.    This affidavit is based on the loan payment records of AmeriCredit Financial Services, Inc. dba GM Financial as of April 8, 2026. These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

2.    AmeriCredit Financial Services, Inc. dba GM Financial has a valid, perfected security interest in the following (the "Collateral"): 2019 Nissan Pathfinder, VIN: 5N1DR2MM1KC627772.

3.    $26,774.85 is the outstanding balance under the contract.

4.    $1,950.30 is the amount of the existing delinquency under the contract.

5.    $13,375.00 is the fair market value of the Collateral.

6.    No appropriate insurance has been verified.

Further your affiant sayeth not.

Dated: _April 13, 2026_

| | |
|---|---|
| Subscribed and sworn to before me on this _14_ day of _April_, 2026 | _Angela Lopez_<br>Printed Name: _Angela Lopez_<br>Title: Bankruptcy Specialist<br>Creditor: AmeriCredit Financial Services, Inc. dba GM Financial |

_____
Notary Public
My commission expires: _7/28/2029_



CARLA GIBBS-TALLEY
Notary Public
STATE OF TEXAS
Notary ID # 12537813-4
My Comm. Exp. July 28, 2029

**JD**POWER

EXHIBIT

**D**

4/7/2026

JD Power Used Cars/Trucks

## Vehicle Information

| | |
|---|---|
| **Vehicle:** | **2019 Nissan Pathfinder Utility 4D SL 4WD 3.5L V6** |
| **Region:** | **Southeastern** |
| **Period:** | **April 7, 2026** |
| **VIN:** | **5N1DR2MM1KC627772** |
| **Mileage:** | **97,500** |
| **Base MSRP:** | **$39,710** |
| **Typically Equipped MSRP:** | **$40,805** |

## JD Power Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly Used** | | | | |
| Rough Trade-In | $9,125 | N/A | N/A | **$9,125** |
| Average Trade-In | $10,300 | N/A | N/A | **$10,300** |
| Clean Trade-In | $11,250 | N/A | N/A | **$11,250** |
| | | | | |
| Clean Loan | $10,125 | N/A | N/A | **$10,125** |
| Clean Retail | $13,375 | N/A | N/A | **$13,375** |

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Navigation System | w/body | w/body |
| Heated Exterior Mirrors | w/body | w/body |
| Heated Front Seats | w/body | w/body |

JD Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2026 JD Power



**EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

--------------------------------------------------------- x
In re:                                          :
                                                :        Chapter 7
TRICHNA TASHNADI INE LAWSON,          :
                                                :        Case No.: 26-30353
                        Debtor.          :
                                                :
--------------------------------------------------------- x

## ORDER GRANTING MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of AmeriCredit Financial Services, Inc. dba GM Financial's Motion

for Relief from Automatic Stay (the "Motion") and any objection to the Motion; and after due

deliberation thereon; and good cause having been shown and found; it is, by the United States

Bankruptcy Court for the Western District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 and Co-Debtor Stay of 11 U.S.C.

§1301(c)(2) is hereby terminated to permit AmeriCredit Financial Services, Inc. dba GM Financial

to exercise its rights and remedies under applicable non-bankruptcy law under the  executed by

Debtor and Co-Debtor in favor of AmeriCredit Financial Services, Inc. dba GM Financial in the

principal amount of  for the financed purchase of one (1) 2019 Nissan Pathfinder, VIN No.

5N1DR2MM1KC627772 (the "Vehicle") and in accordance with applicable state law; and it is

further

**ORDERED**, that AmeriCredit Financial Services, Inc. dba GM Financial is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing AmeriCredit Financial Services, Inc. dba GM Financial, including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, AmeriCredit Financial Services, Inc. dba GM Financial must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that AmeriCredit Financial Services, Inc. dba GM Financial has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT